## Illinois Central Railroad Company *v.* Lee Latiker.

### [53 South. 955.]

Railroads.    *Contributory negligence.    Peremptory instructions.*

Where at a station a railroad had two tracks, one a switch track and the other the main track, separated a sufficient distance apart for persons to stand or walk between them with safety while trains were passing on both tracks, and plaintiff, a hotel porter, at night, deposited the baggage of his hotel guest between the tracks to await the coming of the passenger train on the main track, and at this time saw a freight train standing on the switch track, headed towards him, and when the passenger train arrived stepped over to pick up the baggage and was struck by the cross-beam of the moving freight engine, running three or four miles an hour, and injured; and there was nothing to prevent him from seeing the approaching freight engine which had a head light. He was guilty of such contributory negligence, proximately causing his injury, as to warrant a peremptory instruction by the court for the railroad.

Appeal from circuit court, Holmes county.

Hon. J. M. Cashin, Judge.

Suit by Lee Latiker, appellee, against the Illinois Central Railroad Company, appellant. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

In 33 Cyc. 823, the following rule is stated:

"As a general rule, it is the duty of a person going on or near a railroad track, to use ordinary care and precaution under the circumstances to protect himself from the danger which he knows, or has reason to know, are incident to the operation of a road or the running of its trains; if he fails to do this he is guilty of contributory negligence, which will prevent a recovery. This rule applies generally, whether the person so situated is

rightfully there by the express or implied invitation of the railroad company or otherwise, or whether he is a mere licensee.''

Among the cases cited in support of this rule, is that of *Nichols* v. *R. R. Co.*, 83 Miss. 139, and we cannot forbear quoting from the opinion in this case, it is so applicable to the present one.

''This is not a case in which the statutory presumption of negligence can be invoked. Where all the circumstances connected with an injury resulting from the running of a railroad train are in evidence, this removes all necessity for resorting to legal presumption, because the presumption must always give way to proof. . . . To state the case most strongly for the interest of appellant, he was a licensee, and, as such, charged with the duty of using ordinary care to avoid injury. Being familiar with the operation of the railroad trains upon the pier where the accident happened, he should not have recklessly disregarded the information which he possessed and voluntarily placed himself in a position of obvious danger, as his own statement shows that he did. A licensee cannot cast prudence to the winds and rely on the care of others to watch over and protect him. This is a more glaring case of contributory negligence on the part of a licensee than in the case of *Murdock* v. *R. R. Co.*, 77 Miss. 487, and in that case it was held that the peremptory instruction for the railroad company was correctly given. . . . The peremptory instruction in this case asked for by defendant of the court below should have been granted. Unless the doctrine of contributory negligence is to be abolished entirely, this verdict must be approved.''

In 33 Cyc. 828, we also find the following principles stated:

''The fact that the person injured or others have been in the habit of going upon, or walking along the railroad tracks with the company's knowledge, does not relieve

him from exercising ordinary care, or as it has been held, the utmost care and vigilance for his own protection while on the track. If such use amounts to a license, it must be on the condition that the pedestrian has exercised ordinary care and diligence to avoid injury.''

On page 835 Cyc. we find the following:

''It is contributory negligence in one, particularly where he is familiar with the locality and running of trains, to allow his attention to become absorbed by other trains or cars, so that he fails to observe the approaching train or cars by which he is injured, and which, by the exercise of ordinary care might have been discovered in time to avoid the injury.''

There are numerous cases cited in support of these rules.

While we file a brief with citations to cases in which where the facts were not so strong as in the present one, the court gave peremptory instructions for the defendant, we pause in embarrassment from the very wealth of material before us.

To paraphrase the opinion in the case of *R. R. Co.* v. *Lee,* 71 Miss. 898, appellee, if he had the right to stand between the tracks at the time in question, might be held to have acquired no right to use it in total disregard of all prudence and caution. He was not authorized to cease to look out for himself when there, and to assume that the railroad company would use its own otherwise than as it ordinarily and reasonably used the tracks generally. He might use the tracks, but he must use them with ordinary caution. He took his license *cum onore.*

To paraphrase from another case (concluding paragraph of *Murdock* v. *R. R. Co.,* 77 Miss. 491), admitting that appellee did not see the freight train approaching, that fact is not controlling, because the final test is, could and should he have seen it under the circumstances testified to by himself and witnesses. That an affirmative answer must be given, we entertain no doubt.

*Boothe & Pepper,* for appellee.

We respectfully call the attention of the court to the great difference in fact, and principle, between the cases cited by counsel for appellant and the instant case.

In *Nichols* v. *R. R. Co.,* 83 Miss. 139, Nichols on the pier of the railroad company was guilty of gross recklessness in attempting to pass between two uncoupled cars after seeing an engine rolling up in closs proximity to couple them together. His running sidewise to pass through before the impact of the engine showed that he saw the engine approaching. .

In the case of *Murdock* v. *Y. & M. V. R. R. Co.,* 77 Miss. 487, cited in the opinion of the court in the Nichols case, Murdock was guilty of the same degree of recklessness in attempting to pass two cars of a standing freight train coupled together, when an engine was approaching to move the train. In both cases the plaintiffs were guilty of gross negligence, both of them took the chances of successful escape from a known risk.

The appellee was not a mere pedestrian and was not walking along the railroad tracks when he was struck; and this case now before the court is not covered by the citation for 33 Cyc. 823.

The question of contributory negligence was properly submitted to the jury. And, if the case had been tried after the 16th of April, 1910, this question could not have arisen. And before the Act of April 16th, 1910, was passed, the trend of the courts was to give effect to what the law by virtue of that act now is.

As the law at the trial then was, the court cannot say as a matter of law that the appellee was guilty of contributory negligence under all the circumstances and at the time and place he was knocked down and injured. *The R. R. Company* v. *James Summers,* 68 Miss. 566.

In the case of *Fulmer* v. *R. R. Company,* 68 Miss. 355, it was said by the court, "The evidence of the negligence

of the deceased was not overwhelming and uncontroverted, and the case should have been given to the jury."

Tested by this rule it is clear that the court below properly submitted the question of contributory negligence to the jury.

In the case of *Railroad Co.* v. *Turner,* 71 Miss. 406, it was said: "On all this evidence, it cannot be affirmed that appellant so perfectly vindicated the conduct of its servants as to make it clear that it was free from negligence, and so leave no place for reference to the jury for its finding. It seems equally clear that the contributory negligence of appellee was an open question, and properly referable on the facts admitted and disputed, to the determination of a jury. This course was wisely adopted by the court below, and the jury has found the controversy adversely to appellants, and correctly so as we think."

We respectfully submit that this court in considering the law and the facts of the case at bar could not do better perhaps, than to adopt verbatim the language of the Turner case which we have just quoted.

And in conclusion we call attention of the court to the case of *Railroad Company* v. *Daniels,* 50 So. Rep. 721; and we respectfully submit that the principles laid down in that case govern in the case now before the court.

ANDERSON, J., delivered the opinion of the court.

Appellee, Latiker, sued the Illinois Central Railroad Company, the appellant, for personal injuries, and recovered judgment for the sum of five hundred dollars, from which judgment the appellant prosecutes this appeal. The facts of the case about which there is no dispute are as follows: The alleged injury occurred at Pickens, a station on the line of appellant's road. There the railroad runs north and south. The depot is on the west side. Next to it on the east side is a side track, and still east of that is the main line, which are a sufficient distance apart

for persons in the exercise of reasonable care to safely stand or pass between them while trains are at the same time passing over each. The sidetrack is two thousand one hundred feet long, eight hundred and fifty feet of which is north of the depot, and the balance south. The appellee, a hotel porter, went with the baggage of the guests of his hotel, desiring to take passage on the north-bound passenger train, due at Pickens at twelve o'clock midnight, to meet that train, and deposit thereon such baggage, and to receive that of passengers disembarking, who desired to become guests at the hotel he represented. A few minutes before the arrival of the passenger train appellee took his baggage out of the depot, where he first went with it, and deposited it on the ground between the main line and side track, at the point of ingress and egress to such train when stopped. At this time he saw standing at the north end of the side track a freight train headed south. He saw the headlight. In due time the passenger train pulled up and stopped, and thereupon appellee, facing it, stooped over to pick up his grips, and while in that position the crossbeam above the pilot of the engine, pulling the freight train going south on the side track behind him, which was passing at that time, struck him and knocked him down. This freight train was made up of twenty-seven cars and tender and engine; and the eight hundred and fifty feet of side-track north of the depot was not of sufficient length to hold it, and so, in order to clear the main line for the passenger train to go north, it was necessary for the engine and some of the cars to pass the depot. The custom was, under these circumstances, which was followed in this instance, for the entire freight train to pass to the south before the passenger train left, so as to give passengers an unobstructed way to and from the latter. When struck by the engine to the freight train, it was running from three to four miles an hour. Appellee testified that he did not know the freight train was passing

him until he was struck; and the engineer in charge of the engine pulling it, testified that he was looking out down the track, and did not see appellee within the sweep of his engine. The fact is he was not in its way until he stooped over.

The single question in this case is whether the court below should have instructed the jury peremptorily to find a verdict for the railroad company. It may be conceded on the part of appellant that its employes in charge of the freight train by which appellee was injured were negligent in its handling, in passing to the south between the depot and the passenger train at this particular time; and still appellee is barred from recovery by his contributory negligence, which was the proximate cause of his injury. Even though he did not see or hear the slowly approaching engine, with its headlight blazing on him, he could have done so by the exercise of reasonable care. He should have used his faculties of hearing and sight, and, if he had, the injury would not have occurred. In *Murdock* v. *Railroad Company,* 77 Miss. 487, 29 South. 25, the court said: "Admitting that appellant did not see any engine or cars other than the twenty-five which stood across his contemplated way, yet it is manifest that the engine and nine cars were there, and near by, and, though appellant did not see them, that fact is not controlling, because the final test is, could and should he have seen them under the circumstances testified to by himself and witnesses? The peremptory instruction should have been given for appellant.

*Reversed and remanded.*